UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| HERBERT C. BEVERLY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:16-CV-154-CEJ |
| STATE OF MISSOURI, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Herbert C. Beverly for leave to commence this action without payment of the required filing fee. After reviewing plaintiff's financial information, the Court will grant the motion. In addition, the Court will dismiss this case pursuant to 28 U.S.C. ' 1915.

### 28 U.S.C. ' 1915(e)

Pursuant to 28 U.S.C. ' 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if Ait lacks an arguable basis in either law or in fact.@ *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead Aenough facts to state a claim to relief that is plausible on its face.@ *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950-52.

In reviewing a pro se complaint under ' 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the

plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## The Complaint

Plaintiff brings this 42 U.S.C. ' 1983 action against the State of Missouri. Plaintiff alleges that defendant "illegally took child support money out of [his] paycheck from July 2002 to present." Plaintiff complains that "[t]he court order does not have a court document and for a court order to be legal it must have a court document." He also summarily claims that his visitation rights were taken away. Plaintiff seeks $6 million in monetary damages.

## Discussion

Having carefully reviewed the complaint, the Court concludes that this action is legally frivolous. The State of Missouri is not a Aperson@ for purposes of a ' 1983 action and is absolutely immune from liability under ' 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 63 (1989). Moreover, pursuant to the "domestic relations exception," federal courts are divested of jurisdiction over any action in which the subject is a divorce, allowance of alimony, or child custody. *See Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. 2] is **granted**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the complaint is legally frivolous and fails to state a claim upon which relief may be granted. *See* 28 U.S.C. ' 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. 4] is **denied as moot**.

An Order of Dismissal will be filed separately.

Dated this 8th day of February, 2016.

_____
**UNITED STATES DISTRICT JUDGE**